UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ANGELO SCOTT,

Petitioner,

v.

SHERBURNE COUNTY COURT,

Respondent.

Civil File No. 01-1714 (PAM/ESS)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the U.S. Penitentiary in Marion, Illinois, has filed a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) Plaintiff did not pay the $150 filing fee for this action, which is prescribed by 28 U.S.C. § 1914(a), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). The matter is presently before the undersigned Magistrate Judge for review of Plaintiff's IFP application, for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.

For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted. It will therefore be recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915A(b).

## I. BACKGROUND

In 1992, Plaintiff pled guilty to first degree assault in the state district court for Sherburne County, Minnesota. See Scott v. State, 529 N.W.2d 11 (Minn.App. 1995), review denied March 14, 1995; Scott v. State, No. C6-95-1805 (Minn.App. 1996), 1996 WL

FILED SEP 2 7 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

12670 (unpublished opinion), review denied March 19, 1996. Plaintiff apparently received a 188-month state prison sentence as a result of his state criminal conviction.[1]

As far as the Court can tell, Plaintiff is now claiming that his federal constitutional rights were violated during the course of his prior state court criminal prosecution. The substantive allegations of his present complaint, repeated verbatim, are as follows:

> "First Amendment due process of First Amendment and Due Process of Fifth made applicable to constitution of U.S. by Due Process of the 14 Ammendment [sic]. [ ¶ ] Breach of confidentiality in effective assistance of counsel. Lawyer acted in her own best interest not the spirit of the law in advising guilty plea. [ ¶ ] Persecutorial [sic] misconduct violation of the right to a fair trial secured by 6th Ammendment [sic]."

(Complaint, [Docket No. 1], § IV.)

Based on these allegations, Plaintiff is seeking a reduction of his state prison sentence, or in the alternative, a new trial in his state criminal case. (Id., § V.)

**II. DISCUSSION**

Because Plaintiff is a prisoner who is seeking redress from a governmental entity, ("Sherburne County Court"), his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that a prisoner-plaintiff has failed to plead a claim on

---

[1] The present record does not disclose why he is currently in federal custody.

which relief can be granted, or seeks relief from a party who is legally immune from liability, his action must be summarily dismissed. 28 U.S.C. § 1915A(b)(1) and (2). For the reasons discussed below, the Court finds that no part of Plaintiff's present complaint can survive the § 1915A initial screening process, and that this action must therefore be dismissed in its entirety.

A. Inadequate Factual Allegations

The most obvious flaw in Plaintiff's complaint is that it does not include sufficient factual allegations to state an actionable civil rights claim. To state a cause of action under 42 U.S.C. § 1983, as Plaintiff apparently is attempting to do here, a complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). Thus, in order to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each

named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

In this case, Plaintiff's complaint fails to state an actionable § 1983 claim, because it does not allege any facts describing any specific wrongful conduct by the named Defendant. There are no factual allegations of any kind showing what, specifically, "Sherburne County Court" is accused of having done or failed to do that allegedly violated Plaintiff's constitutional rights. In short, the complaint is merely conclusory. Because Plaintiff's complaint does not include any factual allegations attributing any particular wrongful act or omission to the named Defendant, it fails to state a claim on which relief can be granted.[2]

B. Claims Are Barred By Heck v. Humphrey

Moreover, even if Plaintiff had alleged some facts showing that his constitutional rights were violated during the course of his state criminal prosecution, his present civil rights action could not go forward at this time. Because a judgment in Plaintiff's favor in the present civil rights action would cast doubt on the validity of his criminal conviction and sentence, his claims are barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).

---

[2] The Court further notes that the named Defendant, "Sherburne County Court," does not appear to be distinct legal entity that can be sued as such. If Plaintiff is intending to sue Sherburne County, (which is a suable municipal entity), he has not alleged any facts showing how the County itself supposedly violated his constitutional rights. If he is intending to sue the State of Minnesota, his claims are barred by the Eleventh Amendment. And if Plaintiff is attempting to sue an individual Sherburne County district court judge, his claims are barred by the doctrine of judicial immunity. See Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (reaffirming that judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions).

In Heck, the Court reiterated that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. Habeas corpus is the exclusive federal remedy for a prisoner who believes that he is being wrongfully imprisoned. Id. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Thus, even when a prisoner-plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483.

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted; emphasis added); see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

In this case, Plaintiff obviously believes that Defendant somehow violated his constitutional rights during the course of his state criminal prosecution, and that his conviction and sentence are therefore invalid. According to Heck, however, civil rights

claims based on constitutional improprieties that allegedly occurred during Plaintiff's criminal prosecution cannot properly be brought into federal court, unless Plaintiff first establishes in a proper forum -- i.e., a state or federal post-conviction proceeding -- that his conviction and sentence were, in fact, constitutionally invalid.

Thus, even if Plaintiff has some viable constitutional claim, he could not bring it at this time. He cannot maintain a civil action seeking damages, or any other relief, for unconstitutional acts that allegedly caused him to be wrongly convicted and/or sentenced, without first securing an order, (presumably in a state or federal habeas corpus proceeding), which specifically invalidates his conviction and sentence. Because that pre-condition has not been satisfied, Plaintiff is unable to state a civil rights claim on which relief can be granted.[3]

## III. CONCLUSION

For all the reasons discussed above, the Court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915A(b). Because Plaintiff has failed to state any actionable claim, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff shall, however, remain liable for the unpaid balance of the $150 filing fee.[4] He has

---

[3] It would serve no useful purpose to construe the present civil rights complaint to be a habeas corpus petition, because Plaintiff has already been denied federal habeas relief with regard to the conviction and sentence at issue here. See Scott v. State of Minnesota, Civil No. 00-1141 (PAM/ESS) (dismissing Plaintiff's application for habeas corpus relief under 28 U.S.C. § 2254, because petition was not filed within the one-year statute of limitation prescribed by 28 U.S.C. § 2244(d)). Plaintiff cannot seek further federal habeas review of his state court conviction without pre-authorization from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2244(b).

[4] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly

not paid any part of the filing fee to date, so he still owes the full $150 prescribed by 28 U.S.C. § 1914(a). Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3. Plaintiff be required to pay the unpaid balance of the court filing fee, namely the full $150, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds

---

states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

DATED: September 26, 2001

E.S. Swearingen
E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.